NOT DESIGNATED FOR PUBLICATION

No. 114,798

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY T. CORNETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS. Opinion filed February 10, 2017. Affirmed in part, sentence vacated, and remanded with directions.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY and BUSER, JJ.

*Per Curiam*: Larry Cornett appeals his convictions for making false information and theft. These convictions arise out of taking a computer monitor from the office of the Riverside Baptist Church and selling it to a pawn shop. As part of the sales transaction, Cornett certified that he had owned the monitor for 2 years and had the legal right to sell it.

Cornett claims there was insufficient evidence to support these convictions. But for him to prevail on this claim we would have to substitute ourselves for the jury as the factfinder, which we will not do. There was sufficient evidence to support these convictions, so this argument fails.

1

Cornett also challenges his sentence. He argues that in order to determine his criminal history score, the sentencing court engaged in improper factfinding in order to determine that his 1993 Oklahoma burglary conviction was for the burglary of a dwelling and, therefore, a person crime. We agree, as does the State, and vacate Cornett's sentence and remand to the district court for a new sentencing hearing.

Finally, Cornett claims the sentencing court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it used his prior convictions to increase his sentence without requiring those convictions to be included in the complaint and proved to a jury beyond a reasonable doubt. Because this argument has been consistently rejected by our Supreme Court, we also reject this claim. See *State v. Barber*, 302 Kan. 367, 386, 353 P.3d 1108 (2015).

The events leading to these convictions began when Teresa Haley, the secretary at the Riverside Baptist Church, discovered one morning that the computer monitor in the church office was missing. She began calling local pawn shops to determine if anyone had pawned a computer monitor that morning.

She contacted Chris Dewitt, the manager of Sunset Pawn. Dewitt reported that when he opened the shop that morning, Cornett was waiting at the door with an Acer computer monitor he wanted to sell. Dewitt agreed to buy the monitor for $15. On the sales receipt, Cornett certified that he had owned the monitor for 2 years and had the legal right to sell it. The transaction was made 10 minutes before Haley called.

Haley called the police. Officer Christopher Shultz responded. He obtained statements from Haley and Dewitt and photographed the monitor but did not check the monitor for fingerprints or DNA evidence that would link it to the church. He did have Haley meet him at the pawn shop where Haley identified the monitor as church property.

2

At that point, Officer Shultz released the monitor to Haley. The State charged Cornett with nonresidential burglary, making false information, and theft.

At the jury trial that followed, the State presented the testimony of Haley, Dewitt, and Officer Shultz, as well as several exhibits, including the sales receipt. Haley testified that a parishioner donated an Acer computer monitor to the church, but the church did not have any record of the donation or the monitor's serial number. Initially, she said the donation was 8 to 10 years before the trial, but she conceded she did not remember precisely. Later, on redirect examination, she stated that she did not actually remember when it was donated. She admitted it could have been 6 or 8 years before the trial.

Dewitt testified that the monitor Cornett sold him was "a standard Acer computer monitor" and not unique. He stated it was a very common brand. The pawn shop sales receipt was introduced into evidence.

Cornett did not offer any testimony, but he introduced an exhibit showing that the manufacturer date of the Acer computer monitor was July 2008.

The jury acquitted Cornett of burglary but convicted him of making false information and theft.

At the sentencing hearing that followed, the court determined that considering Cornett's past Oklahoma burglary conviction as a person crime, Cornett had a criminal history score of C. The court sentenced Cornett to a controlling prison term of 18 months, with 12 months' postrelease supervision, but granted probation for 18 months. As a condition of probation, Cornett was required to personally apologize to the Riverside Baptist Church congregation for the theft.

Cornett's appeal now brings the matter before us.

As noted earlier, Cornett argues that insufficient evidence supported his convictions for making false information and theft. We first note that a verdict may be supported by circumstantial evidence, if such evidence provides a basis for a reasonable inference by the factfinder regarding the fact in issue. To be sufficient, circumstantial evidence need not exclude every other reasonable conclusion. Indeed, a conviction of even the gravest offense can be based entirely on circumstantial evidence. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016).

When the sufficiency of evidence is challenged in a criminal case, we review the evidence in the light favoring the State to determine if a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on the evidence at trial. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). In making this determination, we do not reweigh the evidence or the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016). It is only in rare cases in which the testimony is so incredible that no reasonable factfinder could find guilt beyond a reasonable doubt that we will inject ourselves in the factfinding process to determine that a guilty verdict should be reversed. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

Cornett claims the State failed to prove that he did not own the computer monitor. He points to the facts that the monitor was a common model, brand, color, and lacked any distinguishing physical marks. He notes the church did not have a record of the monitor's serial number, and the police failed to conduct fingerprint or DNA analysis of the monitor which would have linked it to the church. Finally, he argues that, contrary to Haley's testimony that the monitor was donated to the church 8 to 10 years before trial, the monitor was manufactured in July 2008. Thus, it was impossible for the Acer monitor to have been the same monitor owned by the church.

Cornett's argument calls upon us to interject ourselves as factfinders in the place of the jury that heard the evidence at trial and to reweigh that evidence, which we will not

4

do. While Haley did state she believed a parishioner donated the monitor 8 or 10 years before trial, she later admitted that she did not remember when the monitor was actually donated. She conceded the parishioner could have donated it 6 years before trial, which would have corresponded to the monitor's manufacturer date of July 2008.

Although the record contains evidence which could have produced a different result, we examine the evidence in the light more favorable to the State, the prevailing party at trial. Based upon that evidence, we conclude a rational factfinder could have found the church owned the monitor. There was sufficient evidence to support the jury's guilty findings.

Next, Cornett asserts the district court imposed an illegal sentence by classifying his 1993 Oklahoma burglary conviction as a person offense. This contention raises an issue of law over which our review is de novo. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). We agree with Cornett's contention, as does the State. Cornett's sentence was an illegal sentence because it does not conform to the applicable statutory provision, either in character or term of punishment authorized. See *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011).

The district court treated Cornett's Oklahoma burglary conviction as a person crime. To determine whether such a prior crime should be classified as a person or nonperson offense, the sentencing court must refer to the "comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed." K.S.A. 2015 Supp. 21-6811(e)(3). Under the comparable Kansas burglary statute in effect when Cornett committed his current crimes, to be a person crime the burglary had to be of a dwelling. See K.S.A. 2015 Supp. 21-5807(a).

The 1993 Oklahoma burglary statute did not require proof that the burgled structure was a dwelling in order to convict. Okla. Stat. tit. 21, § 1435 (2016). Thus,

under *State v. Dickey*, 301 Kan. 1018, 1039, 350 P.3d 1054 (2015), Cornett's sentencing court engaged in improper factfinding contrary to *Apprendi* and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), when it went beyond merely finding the existence of Cornett's prior Oklahoma conviction or the statutory elements constituting that Oklahoma conviction in order to characterize Cornett's burglary as a person crime. To comply with *Dickey*, for criminal history purposes the sentencing court should have treated Cornett's prior Oklahoma burglary conviction as a nonperson offense. See 301 Kan. 1018, Syl. ¶ 8. Accordingly, we must vacate Cornett's sentence and remand the case for resentencing based on his recalculated criminal history score.

Finally, Cornett argues the district court violated his constitutional rights under *Apprendi* by using his prior convictions to increase his sentence without requiring those convictions to be included in the complaint and proved to a jury beyond a reasonable doubt. The Kansas Supreme Court rejected this argument in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), and has consistently rejected this argument in other cases since *Ivory*. Because the Kansas Supreme Court has shown no indication that it is departing from its position in *Ivory*, we are duty bound to follow it. See *Barber*, 302 Kan. at 386; *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128 (2015). Thus, this argument fails.

Affirmed in part, sentence vacated, and remanded for resentencing.

6