NOT DESIGNATED FOR PUBLICATION

No. 114,886

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CRAIG L. GOOCH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed February 10, 2017. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender's Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*:  We affirm the district court's ruling that Craig L. Gooch has failed to show that he had a justifiable dissatisfaction with his trial counsel that would call for a new trial.

*This case returns to us after remand to the district court.*

A jury convicted Gooch of rape, aggravated kidnapping, aggravated robbery, aggravated sexual battery, aggravated burglary, aggravated intimidation of a witness, criminal threat, and interference with a law enforcement officer. Gooch appealed his

1

convictions to this court. *State v. Gooch*, No. 110,418, 2014 WL 5849227 (Kan. App. 2014) (unpublished opinion).

Gooch asked for a new attorney at his preliminary hearing. His attorney requested a continuance of the preliminary hearing, and the district court denied the request. Instead, the district court granted a 15-minute recess for Gooch to discuss his case with his attorney.

Immediately after the recess was granted Gooch stated, "I need a new lawyer. That's what I am telling you, I need a lawyer because I haven't—" At that point the district court interrupted Gooch and stated, "Okay. Your request for a lawyer is denied." On appeal, a panel of this court determined the district court was required to hear Gooch's request for a new lawyer and remanded the case for a hearing on whether Gooch deserved a new lawyer. 2014 WL 5849227, at *8-9.

On remand, the court held an evidentiary hearing. Gooch and his trial attorney, Alice Osburn, testified. Osburn stated she had met with Gooch prior to the preliminary hearing, but Gooch wanted more time prior to the hearing being conducted. Osburn requested a continuance which the court denied. Osburn testified Gooch wanted more time to review the discovery in the case, but she was ready to proceed with the preliminary hearing based upon her review of the discovery.

Osburn stated the district court granted 15 to 20 minutes to talk with Gooch prior to the preliminary hearing. Osburn stated that after their meeting, Gooch still wanted to have more time to discuss his case. Osburn stated, "[The judge] indicated that we could have as much time as we needed in the library so I sat down with Mr. Gooch, talked to him trying to answer any questions he had." Osburn believed the district court granted her plenty of time to discuss the case with Gooch prior to the preliminary hearing.

Osburn met with Gooch in person after the preliminary hearing but did not remember how often the meetings occurred. She also received letters from Gooch about his view of the events that took place. Osburn met in person with Gooch to discuss the content of the letters and "discussed [trial strategy] at length."

Osburn did not have any irreconcilable disagreements with Gooch and stated there was not a breakdown in their communication. Osburn was asked whether Gooch ever expressed dissatisfaction with her representation and she answered, "No, and if he did I would have told the judge. I mean, that's just practice to do that."

Gooch remembers the events differently. He did not remember any communication prior to the preliminary hearing. Gooch testified that he was given 15 minutes to talk with Osburn prior to the preliminary hearing. Gooch testified that the limited time to discuss the case prior to the preliminary hearing destroyed the relationship with Osburn; he no longer wanted to have her as his attorney at that point. Gooch characterized the communication at the meeting as "mediocre."

Gooch was frustrated with not being able to contact Osburn. Gooch asserts that he had multiple people attempting to get in contact with Osburn and he personally sent letters, but he "never got a response." Gooch only remembers seeing Osburn one time between the preliminary hearing and trial. Gooch felt he did not get the time and communication from his attorney that he deserved.

Gooch felt like Osburn did not care about his case, because there was a lack of communication. Gooch testified, "[I]t was like we never, like our communication, like, I would lean over and whisper and she would tell me no, don't say nothing." As a result of Gooch's dissatisfaction he skipped his own sentencing hearing. Gooch admitted that even though there was a communication breakdown, Osburn used the defense that he wanted her to use at trial.

3

After hearing the evidence, the court ruled that Gooch bore the burden of "demonstrating a conflict of interest and irreconcilable disagreement, or complete breakdown in communication between counsel and defendant." The court found no evidence was presented about any conflict of interest. Additionally, no irreconcilable disagreement occurred because Osburn presented the defense Gooch wanted. The district court then presented its recollection of how the trial proceeded.

The district court ruled that Osburn's testimony was more credible than that of Gooch. Because Osburn had testified that the relationship had not degraded to the point where Osburn and Gooch could not work together, the district court found there was not a complete breakdown in communication.

Additionally the district court stated,

> "So the bottom line is I will give Mr. Gooch every benefit of the doubt; I'll wait until the appellate record gets back and review the complete preliminary hearing transcript. I'll look through even the trial transcript and motion transcripts to see if anything is there. But at this point Mr. Gooch obviously is not pleased with the end result in the case, but sometimes you're held accountable for your actions."

After reviewing the transcripts, the court once again found that no conflict of interest, irreconcilable disagreement, or a complete breakdown in communication had occurred.

*We review some fundamental points of law on this issue.*

In order for new counsel to be appointed for a defendant, the defendant must show a justifiable dissatisfaction. Justifiable dissatisfaction can be proven through either "'a conflict of interest, an irreconcilable disagreement, or a complete breakdown in communication between counsel and the defendant.'" *State v. Brown*, 300 Kan. 565, 575,

4

331 P.3d 797 (2014). Ultimately "'[a]s long as the trial court has a reasonable basis for believing the attorney-client relation has not deteriorated to a point where appointed counsel can no longer give effective aid in the fair presentation of a defense, the court is justified in refusing to appoint new counsel. [Citation omitted.]'" *State v. Ferguson*, 254 Kan. 62, 70, 864 P.2d 693 (1993). Gooch concedes on appeal that he does not allege any conflict of interest or irreconcilable disagreement. The only remaining way Gooch could prove a justifiable dissatisfaction is by showing there was a complete breakdown in communication.

Gooch specifically asks this court to disregard the trial court's determination that Osburn was more credible than him at the evidentiary hearing. Gooch claims the record supports his view of the events. Essentially, he is challenging that the district court made an error of fact. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Gooch relies solely on testimony regarding the meeting prior to the preliminary hearing to show the alleged error. Gooch argues because the record shows the judge stated, "I'll give you 15 minutes to talk with Mr. Gooch," and that the district court took a 15-minute recess after denying his request for a new attorney, the record indicates his view of the events is more credible.

This is not an error of fact. Osburn stated the district court granted her 15 minutes to discuss the case with Gooch. She gave insight into her understanding of what the judge stating, "I'll give you 15 minutes," meant. At the evidentiary hearing Osburn stated, "[The judge] indicated that we could have as much time as we needed in the library so I sat down with Mr. Gooch, talked to him trying to answer any questions he had." By finding Osburn's testimony credible, the district court determined the judge giving 15 minutes for Osburn to talk with Gooch actually meant a reasonable amount of time.

Even if we were to accept Gooch's argument concerning the 15-minute meeting, the district court did not necessarily abuse its discretion. The 15-minute meeting is not

5

the sole basis for the district court's decision. The district court relied on Osburn's testimony that she did not believe there was a communication breakdown. Gooch does not point to anywhere in the record, besides his own testimony, that a breakdown in communication occurred.

This issue turns solely on who was more credible. We are not in the position to make determinations about the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016). Under the abuse of discretion standard, Gooch bears the burden of proving an abuse of discretion has occurred. *State v. Smith-Parker*, 301 Kan. 132, 160, 340 P.3d 485 (2014). Gooch has provided no evidence besides his own testimony at the evidentiary hearing that a breakdown in communication occurred. Therefore, the district court did not abuse its discretion.

Additionally, in determining whether the district court abused its discretion, this court must consider the representation itself. The district court only needs "'a reasonable basis for believing the attorney-client relation has not deteriorated to a point where appointed counsel can no longer give effective aid in the fair presentation of a defense.'" *Ferguson*, 254 Kan. at 70. Here, a communication breakdown, if any existed, did not deteriorate the attorney-client relationship to the point it harmed the fair presentation of Gooch's defense. Osburn presented the case as Gooch wanted to present the case. Gooch admits the defense that was used by Osburn was the defense that he wanted at trial. The district court did not abuse its discretion in finding no justifiable dissatisfaction with trial counsel existed.

Affirmed.