NOT DESIGNATED FOR PUBLICATION

No. 115,754

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH LEE POSEY, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; RONALD WURTZ, judge pro tem. Opinion filed March 31, 2017. Affirmed.

*Landon Wade Magnusson*, of Lathrop & Gage LLP, of Kansas City, Missouri, and *Justin Whitney*, of Lathrop & Gage, LLP, of Overland Park, for appellant.

*Kendall Kaut*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE and GARDNER, JJ.

*Per Curiam*:  Kenneth Lee Posey appeals his convictions following a bench trial of one count of simple battery and one count of domestic battery. Posey claims there was insufficient evidence to support his conviction of simple battery because the district court relied on the testimony of a witness who was incompetent to testify. Posey also claims that the evidence presented at trial was insufficient to permit the district court to find him guilty of domestic battery because the evidence showed that he acted in self-defense. Finding no error, we affirm the district court's judgment.

1

FACTS

On October 17, 2015, Posey arrived at C.H.'s home in Topeka to pick up their 4-year-old daughter, Z.P., and C.H.'s 8-year-old son from a prior relationship, X.H., for an overnight visit. Posey had asked C.H. before coming over if he could take the children to the pumpkin patch with his new girlfriend, but C.H. had said no. After C.H. put the children in Posey's car, Posey told C.H. he was taking them to the pumpkin patch.

C.H. became upset and tried to take the children out of Posey's car. Posey and C.H. began shoving each other and arguing. To stop Posey from driving off with the children, C.H. reached into the driver's side door and tried to take the keys out of the ignition. Posey grabbed C.H. from behind, pressed her body against the car, placed his hands on her neck, and began strangling her. C.H. could not breathe and felt herself beginning to lose consciousness. At that point, X.H. jumped on Posey's back to get him to stop choking C.H. Posey threw C.H. on the ground and then kicked X.H. in the ribs.

Posey and C.H. continued their altercation, and C.H. was still holding Posey's car keys with her finger through the keyring. Posey attempted to get the keys from C.H. and was yanking her hand to get them. After C.H. managed to get her finger out of the keyring, she went inside her house and called the police.

On November 10, 2015, the State charged Posey with one count of domestic battery against C.H. and one count of simple battery against X.H. Posey's bench trial was held on March 15, 2016. At trial, C.H. recounted what occurred on October 17, 2015. Officer Ryan Blosser of the Topeka Police Department testified that when he arrived on the scene he believed that Posey was the initial aggressor due to the nature of C.H. and X.H.'s injuries and the fact that Posey was unharmed.

2

X.H. also testified and recounted the events on October 17, 2015. On cross-examination, defense counsel asked X.H. if he remembered everything he was recounting or if he "just remember[ed] people telling [him] about it." X.H. responded, "I remember what people [told] me about it." However, when asked if he remembered specific details such as where he was when the fight started, X.H. stated that he remembered. Similarly, when defense counsel asked if X.H. remembered seeing C.H. trying to get the car keys or if he remembered because someone told him about it, X.H. replied that he saw it happen.

Posey testified in his own defense. He claimed that C.H. was the first aggressor and started shoving him. When asked if he choked C.H., Posey replied, "[i]n the heat of the moment, I can't honestly say." Posey attempted to testify about other times when his relationship with C.H. became aggressive or physical, but the State objected based on relevance. Defense counsel began to explain that he wanted to show an aggressive part of their relationship. The prosecutor interrupted and stated, "I think the aggressive nature of the relationship has been established. We don't need details of any prior bad acts." Defense counsel then replied, "Okay. As long as you agree that we have established [the] aggressive nature of the relationship."

After hearing the evidence, the district court made the following findings:

> "Well, the Court finds that the testimony of [C.H.] is largely credible and quite believable. I think she is—her testimony is also bolstered by the testimony of her son and his actions. And even if he may have picked up some details from hearing things from his mom or from the course of discussing what occurred, his actions pretty much emphasize that he saw his mother in a dire situation and that he responded.
> "Everybody agrees he jumped on the Defendant's back. Everybody agrees that immediately after—very quickly after he jumped on the Defendant's back, Defendant let go of [C.H.] and so he essentially was successful. They apparently went on—got on the—fell on the—all fell on the ground or ended up on the ground somehow in the struggle over the keys.

3

"The keys quite clearly were tangled in her hand. The swelling on the hand is painted. It's extremely clear in the photograph as well as the officer's testimony. As to whether or not [there] was an intentional and rude application of force by the Defendant against [C.H.], I cannot see any excuse for having grabbed her around the head and neck from behind when she was in the car.

"There was no fight. There was no attack going on at that point. She was pulling the keys out and whether she had a right to do that or whatever, it was a—she describes an argument over the custody of a child—of their child.

"This was an emotional situation. I see no reason to apply the kind of force, no excuse for applying the kind of force to her head and neck, which she describes and which is corroborated by her son's panicked approach and attempt to defend his mother against his stepfather.

"So, I find the government—the State has proved its—proved domestic battery as charged in Count I beyond a reasonable doubt and I would judge the Defendant guilty of domestic battery.

"As for the battery against the young man as charged in Count II, I don't think that the evidence shows that Mr. Posey intentionally kicked or inflicted injury—I don't think he meant to hurt the boy. I just—I don't believe that, but the principle of transferred intent, which I think applies here, you tell me differently if you want to argue otherwise, he was still in the process of applying some—applying force to [C.H.], and in the process, the young man was tangled up in the process and he was battered in the course of that.

"And consequently, based on that legal principle, I think there is sufficient proof of intent to establish that he is also guilty of battery on his stepson and so the Court will find, beyond a reasonable doubt, that the elements of that crime on are met and that—and will judge him guilty on that Count, too.

"So, the Court finds the Defendant guilty as charged. You want to proceed directly to sentencing?"

The district court imposed concurrent sentences of 6 months' imprisonment on both counts and placed Posey on probation for 9 months to be supervised by court services. Posey timely appealed his convictions.

Posey first claims there was insufficient evidence to support his conviction of simple battery against X.H. Specifically, Posey claims that the evidence presented at trial was insufficient to permit the district court to find him guilty of battery because the court relied on the "incompetent testimony" of X.H. to support the conviction. Posey admits that he did not object to X.H.'s testimony at trial on grounds of incompetency, but he claims that the district court's error in relying on X.H.'s inadmissible testimony "was so blatantly obvious that it [was] plainly an abuse of discretion."

The State first argues that Posey is precluded from raising this issue because he did not contemporaneously object to X.H.'s testimony at trial. The State also argues that X.H.'s testimony was sufficiently based on his personal knowledge, and the district court did not abuse its discretion in relying on X.H.'s testimony to convict Posey of battery.

When the sufficiency of evidence is challenged in a criminal case, the appellate court reviews all the evidence in the light most favorable to the State. A conviction will be upheld if the court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on that evidence. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). In determining whether there is sufficient evidence to support a conviction, the appellate court will not reweigh the evidence or reassess the credibility of the witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016).

Generally, there is no requirement that a criminal defendant challenge the sufficiency of the evidence before the district court in order to preserve the issue for appeal. *State v. Wells*, 297 Kan. 741, 756-57, 305 P.3d 568 (2013); *State v. Farmer*, 285 Kan. 541, 545, 175 P.3d 221 (2008). Although Posey frames the issue in terms of insufficiency of the evidence, his real argument on appeal is that X.H. was incompetent to testify pursuant to K.S.A. 60-419 because X.H. lacked personal knowledge about the

subject matter of his testimony. Posey points out that on cross-examination, defense counsel asked X.H. if he remembered everything he was recounting or if he "just remember[ed] people telling [him] about it." X.H. responded, "I remember what people [told] me about it." But, when asked if he remembered specific details such as where he was when the fight started, X.H. stated that he remembered because he saw it happen.

K.S.A. 60-419 states as follows:

"As a prerequisite for the testimony of a witness on a relevant or material matter, there must be evidence that he or she has personal knowledge thereof, or experience, training or education if such be required. Such evidence may be by the testimony of the witness himself or herself. The judge may reject the testimony of a witness that the witness perceived a matter if the judge finds that no trier of fact could reasonably believe that the witness did perceive the matter. The judge may receive conditionally the testimony of the witness as to a relevant or material matter, subject to the evidence of knowledge, experience, training or education being later supplied in the course of the trial."

To the extent that Posey is arguing on appeal that X.H. was incompetent to testify because he lacked personal knowledge about the subject matter of his testimony, this issue is not properly preserved because Posey did not contemporaneously object to X.H.'s testimony at trial. K.S.A. 60-404 provides: "A verdict or finding shall not be set aside . . . by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection." Our Supreme Court has made it clear that a party must lodge a timely and specific objection to the admission of evidence in order to preserve the issue for appellate review. *State v. King*, 288 Kan. 333, 348-49, 204 P.3d 585 (2009).

Even if Posey's claim was properly preserved for appeal, the issue fails on the merits. Posey correctly points out that at one point on cross-examination, X.H. said he

6

only remembered what people told him about the incident. But a review of X.H.'s entire testimony clearly establishes that he had personal knowledge of the incident on October 17, 2015. X.H. testified in detail about what happened that day, and he indicated that he remembered the confrontation between Posey and C.H. because he actually saw it happen. The record in its entirety belies Posey's argument on appeal that X.H. was incompetent to testify because he lacked personal knowledge of the subject matter of his testimony. The district court did not err in allowing X.H. to testify. Viewing the evidence in the light most favorable to the State, X.H.'s testimony, along with the other evidence presented at trial, was sufficient to support Posey's conviction of simple battery.

DOMESTIC BATTERY OF C.H.

Next, Posey claims there was insufficient evidence to support his conviction of domestic battery against C.H. First, Posey argues that the evidence presented at trial was insufficient to permit the district court to find him guilty of domestic battery because the evidence showed that Posey acted in self-defense. Second, Posey argues that if the evidence at trial did not support his self-defense justification, it was due to the fact that the district court improperly excluded evidence of prior confrontations between the parties. Finally, Posey argues that because this court must reverse his domestic battery conviction, we also must reverse his simple battery conviction because the latter was based on the doctrine of transferred intent.

The State responds that the district court did not err in rejecting Posey's self-defense claim. We have previously set forth our standard of review when the sufficiency of evidence is challenged in a criminal case. See *Laborde*, 303 Kan. at 6. In determining whether there is sufficient evidence to support a conviction, the appellate court will not reweigh the evidence or reassess the credibility of the witnesses. *Daws*, 303 Kan. at 789.

7

Posey was convicted of domestic battery in violation of K.S.A. 2016 Supp. 21-5414(a)(2), which is defined as "knowingly causing physical contact with a family or household member . . . when done in a rude, insulting or angry manner." There was sufficient evidence presented at trial for the district court to find that Posey was guilty of domestic battery. C.H. testified that Posey grabbed her neck and strangled her so she could not breathe. However, Posey claims that a rational factfinder could not have found him guilty because he acted in self-defense as permitted by K.S.A. 2016 Supp. 21-5223.

K.S.A. 2016 Supp. 21-5223(a) permits a person to use force "against another when and to the extent that it appears to such person and such person reasonably believes that such force is necessary to prevent or terminate another's unlawful entry into or attack upon such person's dwelling, place of work or occupied vehicle." After hearing all the evidence, the district court rejected Posey's claim of self-defense:

> "As to whether or not [there] was an intentional and rude application of force by the Defendant against [C.H.], I cannot see any excuse for having grabbed her around the head and neck from behind when she was in the car.
> "There was no fight. There was no attack going on at that point. She was pulling the keys out and whether she had a right to do that or whatever, it was a—she describes an argument over the custody of a child—of their child.
> "This was an emotional situation. I see no reason to apply the kind of force, no excuse for applying the kind of force to her head and neck."

The district court allowed Posey to assert his claim of self-defense at the bench trial, but the district court rejected the claim after hearing the evidence. On appeal, Posey is asking this court to do what it explicitly cannot do:  reweigh the evidence and reassess the credibility of the witness. See *Daws*, 303 Kan. at 789. The district court weighed the evidence and found C.H. and X.H.'s testimony credible and found Posey's use of force unreasonable under the circumstances. Viewing the evidence in the light most favorable to the State, a rational factfinder could have found Posey guilty of domestic battery.

8

Next, Posey argues that the district court improperly excluded evidence of prior confrontations between the parties. At trial, Posey attempted to testify about other times when his relationship with C.H. became aggressive or physical, but the State objected based on relevance. Defense counsel began to explain that he wanted to show an aggressive part of their relationship. The prosecutor interrupted and stated, "I think the aggressive nature of the relationship has been established. We don't need details of any prior bad acts." Defense counsel then replied, "Okay. As long as you agree that we have established [the] aggressive nature of their relationship."

Posey has failed to preserve this issue for appeal because he accepted the State's stipulation at trial that the aggressive nature of the relationship of the parties had been established. As a result, the district court never actually made a ruling to exclude the evidence. Moreover, Posey failed to make a specific proffer of the evidence he claims the district court improperly excluded at trial. Pursuant to K.S.A. 60-405, a verdict shall not be set aside by reason of the erroneous exclusion of evidence "unless it appears of record that the proponent of the evidence either made known the substance of the evidence in a form and by a method approved by the judge, or indicated the substance of the expected evidence by questions indicating the desired answers."

Finally, Posey argues that because we must set aside his conviction of domestic battery against C.H., we also must set aside his conviction of simple battery against X.H. because it was based on transferred intent. Posey is correct in pointing out that the district court found him guilty of simple battery based on the doctrine of transferred intent. The district court found that Posey only intended to kick C.H., but he also kicked X.H. in the process. But because we are unable to find any basis to set aside Posey's domestic battery conviction against C.H., we do not need to set aside his simple battery conviction against X.H. simply because that conviction was based on the doctrine of transferred intent.

Affirmed.

9