NOT DESIGNATED FOR PUBLICATION

No. 114,625

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARY DANIEL MARKS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Pawnee District Court; JACK L. BURR, judge. Opinion filed July 7, 2017. Affirmed.

*Adam D. Stolte*, of Stolte Law, LLC, of Overland Park, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN and BRUNS, JJ.


*Per Curiam*:  Gary Daniel Marks appeals his convictions of one count of battery of a mental health employee and one count of attempted battery arising from a scuffle with employees at Larned State Hospital where Marks was a resident. Marks argues on appeal that there was insufficient evidence to support his convictions. Because we find there was sufficient evidence to support both convictions, we affirm the district court's judgment.

The relevant facts are straightforward. On September 3, 2012, Marks and another hospital resident, Christopher Case, refused to go to bed as directed by members of the hospital staff. Eventually the decision was made to restrain Marks in a restraint chair. A scuffle ensued between Marks and several staff members. During the scuffle, Marks

1

kicked Kevin Brabb, a mental health employee, while Brabb was attempting to place Marks' legs into the restraint chair. After kicking Brabb, Marks stated, "I told you . . . you put me in the chair, I'm fightin'." Marks also attempted to bite Larry Donovan, another mental health employee, while he attempted to secure the restraint chair straps under Marks' arm. The entire incident was recorded on videotape by a hospital security camera.

On November 2, 2012, the State charged Marks with one count of battery against a mental health employee involving the incident with Brabb and a separate count of attempted battery against a mental health employee involving the incident with Donovan. A jury trial was held December 11 and 12, 2014. At trial, Brabb confirmed being kicked in the face by Marks. Also, Donovan confirmed that Marks attempted to bite him. Six other hospital staff members testified for the State. The video of the incident was played to the jury. Marks presented no evidence at trial. After hearing the evidence, the jury found Marks guilty of battery of a mental health employee involving the incident with Brabb and guilty of a lesser offense of attempted battery involving the incident with Donovan. On March 12, 2015, the district court imposed a controlling sentence of 32 months' imprisonment. Marks timely filed a notice of appeal.

On appeal, Marks first claims there was insufficient evidence to support his conviction of battery of a mental health employee. Specifically, Marks argues that the statute he allegedly violated requires that his conduct be done "knowingly," and the State failed to prove the required culpable mental state to support the conviction. The State contends that there was sufficient evidence to support the conviction of battery of a mental health employee and that "intent can be inferred from the circumstances."

When the sufficiency of evidence is challenged in a criminal case, the appellate court reviews all the evidence in the light most favorable to the State. A conviction will be upheld if the court is convinced that a rational factfinding could have found the defendant guilty beyond a reasonable doubt based on that evidence. *State v. Laborde*, 303

2

Kan. 1, 6, 360 P.3d 1080 (2015). In determining whether there is sufficient evidence to support a conviction, the appellate court generally will not reweigh the evidence or the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016). A verdict may be supported by circumstantial evidence, if such evidence provides a basis for a reasonable inference by the factfinder regarding the fact in issue. Circumstantial evidence, in order to be sufficient, need not exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016).

Marks was convicted of battery against a mental health employee. See K.S.A. 2016 Supp. 21-5413(f). "Battery is: (1) Knowingly or recklessly causing bodily harm to another person; or (2) knowingly causing physical contact with another person when done in a rude, insulting or angry manner." K.S.A. 2016 Supp. 21-5413(a).

Regarding the charge involving Marks kicking Brabb, the district court instructed the jury as follows:

"The defendant is charged in count 1 with battery against a mental health employee. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. The defendant knowingly caused physical contact with Kevin Brabb in a rude, insulting or angry manner.

"2. The defendant was in the custody of the Secretary of Kansas Department for Aging and Disability Services (formerly known as Kansas Department of Social and Rehabilitation Services).

"3. Kevin Brabb was an employee of the Kansas Department for Aging and Disability Services (formerly known as Kansas Department of Social and Rehabilitation Services) working at Larned State Hospital.

"4. Kevin Brabb was engaged in the performance of his duty.

"5. This act occurred on or about the 3rd day of September, 2012, in Pawnee County, Kansas."

3

K.S.A. 2016 Supp. 21-5202(a) provides that a culpable mental state is an essential element of every crime and that a culpable mental state may be established by proof that the conduct of the accused person was committed "intentionally," "knowingly," or "recklessly." K.S.A. 2016 Supp. 21-5202(i) provides as follows:

"A person acts 'knowingly,' or 'with knowledge,' with respect to the nature of such person's conduct or to circumstances surrounding such person's conduct when such person is aware of the nature of such person's conduct or that the circumstances exist. A person acts 'knowingly,' or 'with knowledge,' with respect to a result of such person's conduct when such person is aware that such person's conduct is reasonably certain to cause the result. All crimes defined in this code in which the mental culpability requirement is expressed as 'knowingly,' 'known,' or 'with knowledge' are general intent crimes."

At trial, the district court instructed the jury as follows: "The State must prove that the defendant committed the crimes charged knowingly. A defendant acts knowingly when the defendant is aware that his conduct was reasonably certain to cause the result complained about by the State."

There is no question in this case that Marks "knowingly" kicked Brabb as that term is defined by statute. Marks threatened the hospital staff multiple times prior to the kick. Right after kicking Brabb, Marks stated, "I told you . . . you put me in the chair, I'm fightin'." The video of the incident which was played for the jury depicts Marks' actions as deliberate. The evidence presented by the State at the trial clearly established that Marks' conduct was "reasonably certain to cause the result" of engaging in physical contact with Brabb in a rude, insulting, or angry manner. See K.S.A. 2016 Supp. 21-5413(a), (f). In this case, a rational factfinder could have found Marks guilty beyond a reasonable doubt. See *Laborde*, 303 Kan. at 6. Thus, we conclude there was sufficient evidence to support Marks' conviction of battery of a mental health employee.

4

Marks also claims there was insufficient evidence to support his conviction of attempted battery involving Donovan. Specifically, Marks asserts that only "one of the security officers claimed to have seen Mr. Marks attempt to bite Larry Donovan, but others did not see it." Marks argues that Donovan's testimony about the attempted bite was so unbelievable that it does not support the verdict. The State contends that although other hospital employees may not have seen the attempted bite, none of them said that it did not happen. Thus, the State maintains that the conviction "should be affirmed."

We have already stated our standard of review. Initially, we note that with all the confusion depicted in the video and the multiple people involved in the scuffle, the video does not clearly depict Marks attempting to bite Donovan. However, Donovan unequivocally testified that Marks attempted to bite him. Another hospital employee, Antonio T.J. Hearn, also testified that he saw Marks trying to bite Donovan. The other hospital staff members who testified at trial indicated that they were busy trying to restrain Marks and could not actually confirm that he tried to bite Donovan. However, the fact that the other staff members were busy trying to restrain Marks and could not confirm the attempted bite does not make Donovan's testimony so unbelievable that no reasonable factfinder would have found Marks guilty of the offense. Marks is asking this court to reweigh the evidence, which we are unable to do. See *Daws*, 303 Kan. at 789. Based on the record presented on appeal, we conclude there was sufficient evidence to support Marks' conviction of attempted battery.

Affirmed.