NOT DESIGNATED FOR PUBLICATION

No. 121,388

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS MORRIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed May 22, 2020. Affirmed.

*Richard P. Klein*, of Olathe, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN, J., and TIMOTHY J. CHAMBERS, District Judge, assigned.

PER CURIAM: Nicholas Morris appeals his conviction for misdemeanor criminal restraint arising out of an incident involving his then girlfriend. On appeal, Morris contends that there is insufficient evidence in the record to establish beyond a reasonable doubt that he acted unlawfully. In particular, he argues that he acted in self-defense when he restrained his girlfriend. Based on our review of the record on appeal, we conclude that there was sufficient evidence presented at the bench trial upon which a fact-finder could conclude beyond a reasonable doubt that Morris criminally restrained his girlfriend without legal justification. Thus, we affirm.

1

FACTS

During the spring of 2018, Morris and his girlfriend were living together in an apartment. On the night of May 21, 2018, Morris' girlfriend told him that she wanted to end the relationship. Nevertheless, they agreed that—for that night at least—the girlfriend would sleep in the bedroom while Morris would sleep on the couch. Although the facts are disputed, it appears that the incident stemmed from Morris later attempting to enter the bedroom.

According to his girlfriend, Morris blocked the doorway as she tried to leave the bedroom. As a result, she ran through an adjacent bathroom and into the kitchen to gather her things. As she attempted to leave the apartment, Morris grabbed her. In an attempt to get away from him, the girlfriend pushed and hit Morris. Morris then took her cellphone and then restrained her on the couch. When she started to scream for help, Morris put his hand over her mouth. At that point, she began crying and told Morris that he was hurting her. As soon as Morris let her go, she grabbed her spare keys and ran out the apartment door without shoes. She then drove to a friend's residence and called the police to report the incident.

In contrast, Morris contends that, when he attempted to get a change of clothes from the bedroom, his girlfriend slammed the door on his foot. According to Morris, he did not react. Instead, he went to the kitchen and had a snack. While he was sitting in the kitchen, his girlfriend charged at him, knocked him off of his chair, and started hitting him. Morris claims that he feared for his life but did not fight back. Instead, Morris asserts that he picked his girlfriend up, carried her to the living room, laid her on the couch, and held her down in an attempt to calm her. Morris also asserts that once his girlfriend had calmed down, he helped her find her spare keys and she left the apartment.

2

It is undisputed that Officer Nicolas Merchant of the Overland Park Police Department arrived at the scene and spoke several times with Morris. When the officer first spoke with Morris, he did not initially mention a physical altercation with his girlfriend. However, when Officer Merchant followed up about potential inconsistencies in his story, Morris told the officer that his girlfriend shoved him and slapped him in the face. However, Officer Merchant did not see any red marks, skin discoloration, or bruising on Morris.

The State subsequently charged Morris with misdemeanor criminal restraint. A bench trial was held on April 23, 2019. At trial, the State presented the testimony of Morris' girlfriend and Officer Merchant. Moreover, Morris testified in his own defense. After considering the evidence and listening to the arguments of counsel, the district court judge found Morris guilty.

In announcing the verdict, the district court judge stated that he found the girlfriend's account of the incident to be more credible than Morris' account. In particular, the judge found it significant that the girlfriend left the apartment barefoot and that she called the police to report the incident shortly after it occurred. In addition, the judge found it significant that Morris admitted to holding his girlfriend down on the couch; and that, despite testifying that he was the victim of the attack, he had no marks on his body.

After announcing the verdict, the district court judge turned to the issue of sentencing. Although the judge sentenced Morris to 90 days in jail, it suspended the sentence and placed him on probation for 12 months.

Thereafter, Morris timely appealed to this court.

ANALYSIS

On appeal, Morris contends that there was insufficient evidence presented at trial to convict him of criminal restraint under K.S.A. 2019 Supp. 21-5411. When the sufficiency of the evidence is challenged, we must review the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). In so doing, we are not to reweigh the evidence, resolve evidentiary conflicts, or assess the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016).

To establish a violation of K.S.A. 2019 Supp. 21-5411, the State was required to prove beyond a reasonable doubt that Morris "knowingly and without legal authority restrain[ed] another person so as to interfere substantially with such person's liberty." Although Morris does not dispute that he restrained his girlfriend, he argues that he did so in self-defense. In particular, Morris testified at trial that he thought he was being attacked by his girlfriend and believed he needed to take action to protect himself.

"A person is justified in the use of force against another when and to the extent it appears to such person and such person reasonably believes that such use of force is necessary to defend such person or a third person against such other's imminent use of unlawful force." K.S.A. 2019 Supp. 21-5222(a). Whether a person is justified in using force against another involves a question of fact. Here, because Morris and his girlfriend were the only ones present in the apartment at the time of the incident, it was necessary for the district court judge to weigh the evidence and to determine the credibility of the witnesses.

During his closing argument at trial, Morris' attorney correctly observed:

4

"[T]his is a he said—she said situation. We have no other witnesses to base this on. . . . His story makes just as much sense as to self-defense; could be reasonable amount of action.

. . . .

". . . Again, whether or not you like my client's not the issue. Whether or not he substantially interfered with her liberty to a degree that made her incapable of freely leaving her apartment which I can present alternative set of facts that would show that there is a believable alternative solution.

"So proof beyond a reasonable doubt in my opinion has not be proven. She gave a nice version of the facts. On my end, my client gave a very reasonable, whether or not you want to believe that or not. That's all the evidence we have. There are two witnesses. That's what this case comes down to, he said—she said. My client presents a plausible resolution, and I ask you find him not guilty. Proof beyond a reasonable doubt has not been established. Whether or not her story is more believable is proof beyond a reasonable doubt."

As explained above, it is not the role of this court to reweigh the conflicting evidence or to make credibility determinations. *Daws*, 303 Kan. at 789. These matters fall squarely upon the finder of fact—in this case the district court judge. Our review is strictly limited to whether the evidence presented at trial—when viewed in a light most favorable to the State—was sufficient for a rational fact-finder to conclude that Morris was guilty of criminal restraint beyond a reasonable doubt.

Here, a review of the record reveals the State presented evidence—that if believed—was sufficient to show that it was Morris who was the aggressor. In particular, his girlfriend testified that Morris was upset about the breakup of the relationship and physically restrained her so that she could not leave the apartment. Specifically, the girlfriend testified that Morris attempted to block her exit from the bedroom, took away her cellphone, grabbed her, forced her onto the couch, and held her down against her will. Further, the girlfriend testified that once Morris let go of her, she quickly ran from the

5

apartment without putting on her shoes. The record also shows that after she left the apartment, the girlfriend called 911 to report the incident.

In finding the testimony of the girlfriend to be more credible that than Morris' testimony, the district court judge explained:

> "As [the State] said, one of the reasons why domestic violence cases are difficult is because many times we have two different stories about what occurred. We don't have video of that occurrence, but the Court has to make a ruling based upon the evidence that was presented today. And the convincing factors to the Court are the fact that [Morris' girlfriend] called the police, she left, she said she left barefoot with a spare key. The officer found no marks on the defendant. He admits he did hold her down at the couch. I understand his reasoning for that was different than what was hers, but the Court does believe that the State has proved their case beyond a reasonable doubt . . . ."

Accordingly, we find that the district court judge appropriately weighed the evidence—and the inferences reasonably derived therefrom—and made credibility decisions based upon observing the testimony of the witnesses. In viewing the evidence in the light most favorable to the State, we conclude that there was sufficient evidence presented at trial on which a rational fact-finder could find that Morris was not acting in self-defense when he restrained his girlfriend. Likewise, we conclude that there was sufficient evidence presented at trial on which a rational fact-finder could find Morris to be guilty of criminal restraint beyond a reasonable doubt. Thus, we affirm Morris' conviction.

Affirmed.