NOT DESIGNATED FOR PUBLICATION

No. 122,622

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEANN BLANCHO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed February 19, 2021. Affirmed.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and POWELL, JJ.

PER CURIAM: Leann Krystal Blancho appeals her conviction of a single count of possession of methamphetamine following a bench trail. On appeal, Blancho contends that the evidence presented by the State at trial was insufficient to support her conviction beyond a reasonable doubt. However, based on our review of the evidence in the record on appeal, in the light most favorable to the State as required by Kansas law, we find that there was sufficient evidence presented at trial upon which a finder of fact could find Blancho guilty of possession of methamphetamine beyond a reasonable doubt. Thus, we affirm Blancho's conviction.

FACTS

On January 16, 2019, police officers executed a search warrant at a residence in Junction City. The search warrant named another individual who is not a party to this appeal. Blancho—who was in the house when the police arrived to execute the warrant—attempted to leave the premises with another person through a back door. Because she had outstanding warrants, the police officers arrested Blancho and took her to the Geary County Detention Center.

At the detention center, officers found two baggies in Blancho's pockets. The officers discovered that one of the baggies contained pills and the other contained a "white, crystal-like substance." Officer Ondre Miles field tested the crystal-like substance and the results showed that it was methamphetamine. As a result, the State charged Blanco with possession of methamphetamine and possession of drug paraphernalia.

The Kansas Bureau of Investigations (KBI) subsequently confirmed that the crystal-like substance was methamphetamine. Prior to trial, the parties stipulated to the admission of the KBI lab report into evidence; but Blancho did not agree that the report applied to her case. Instead, at the bench trial, held on July 8, 2019, Blancho pointed out that the KBI lab report showed a case number that did not match the number assigned to her case by the Junction City Police Department. As such, Blancho objected on the ground that the State had failed to establish the necessary chain of custody to link her to the report.

Officer Miles testified that he inadvertently placed the incorrect case number on the evidence when preparing it to be sent to the KBI lab and that he corrected the error in a supplemental report. Further, Officer Miles identified the baggie that was submitted to KBI as the same baggie that had been seized from Blancho, that he had field tested, and

that he sent to the lab. Officer Miles also testified that his field test of the substance had also shown the crystal-like substance to be positive for methamphetamine.

After hearing the testimony and considering the evidence, the district court found Blancho guilty of possession of methamphetamine. However, the district court found her not guilty of possession of drug paraphernalia. Following her sentencing, Blancho timely appealed her conviction.

ANALYSIS

On appeal, Blancho contends that the evidence presented at trial was insufficient to allow a rational fact-finder to conclude that she was guilty of possession of methamphetamine beyond a reasonable doubt. Specifically, Blancho argues that there was insufficient evidence presented to establish that the methamphetamine tested by KBI lab was the same substance that was seized from her following her arrest. In response, the State contends that, when viewed in a light most favorable to the State, the evidence is sufficient to support the conviction.

When the sufficiency of the evidence is challenged on appeal, we must review the evidence in the light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). In doing so, we are not to reweigh the evidence or resolve evidentiary conflicts. We are also not to assess the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016).

Moreover, a conviction can be based entirely on circumstantial evidence and on the reasonable inferences that can be drawn from such evidence. If an inference is a reasonable one, the finder of fact—in this case the district court—has the right to make the inference and we will not replace our judgment for that of the fact-finder. See *State v.*

3

*Potts*, 304 Kan. 687, 694, 374 P.3d 639 (2016). In a drug case, "[p]roof of the identity of a substance by circumstantial evidence may be sufficient to affirm a conviction . . . even if no scientific test results are admitted or available." *State v. Brazzle*, 311 Kan. 754, Syl. ¶ 4, 466 P.3d 1195) (2020); see *State v. Purcell*, No. 102,659, 2010 WL 3488811, at *1, 5-6 (Kan. App. 2010) (unpublished opinion).

Here, it is undisputed that the KBI lab report reflected a different case number from the number assigned to Blancho's case by the Junction City Police Department. The lab report listed "Leann Blanco" as the suspect and the Junction City Police Department as the contributing agency. The report also indicated that the sample to be tested was a "plastic bag containing cotton and residue" and noted that it was received by the KBI law on January 25, 2019. In particular, Blancho notes that the laboratory report had the typed number 2019-01031 which was crossed out and changed to 2019-01014.

During his testimony at Blancho's bench trial, Officer Miles testified regarding the mistake he had made listing the internal case number. He also testified that he subsequently noticed his mistake and explained his error to the KBI. Specifically, Officer Miles testified that once it was brought to his attention "that I had the wrong case number, he notified me. I did a supplement, stating that the wrong case number was placed on this item sent, to the KBI, and they corrected it." In addition, Officer Miles confirmed in his testimony that he had personally field tested the crystal-like substance and identified it to be methamphetamine before sending it to the KBI lab for further testing. Finally, Officer Miles testified that the baggie introduced into evidence at trial was the same one that was seized from Blancho following her arrest.

Despite the mistake concerning the case numbers, we find that the testimony of Officer Miles—if believed—was sufficient to establish that the baggie found in Blancho's possession following her arrest contained methamphetamine. This testimony included Officer Miles explanation of his mistake and his attempt to correct the mistake before he

4

sent the substance to the KBI lab. Officer Miles also testified that the result of his field testing also showed the substance was methamphetamine. Furthermore, Officer Miles was able to identify the baggie introduced into evidence at trial as the one he seized from Blancho and that he sent to the KBI for additional testing.

In summary, it is not our role to reweigh the evidence presented at trial or to pass on the credibility of witnesses. Rather, it is our role to view the evidence in the light most favorable to the State to determine if a rational fact-finder could find Blancho to be guilty of possession of methamphetamine beyond a reasonable doubt. Based on Officer Miles' testimony—which the district court found to be credible—as well as the other evidence in the record, we conclude that there was sufficient evidence to support Blancho's conviction. Accordingly, we affirm Blancho's conviction.

Affirmed.