NOT DESIGNATED FOR PUBLICATION

No. 116,129

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRYAN RICHARD HARRIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed July 7, 2017.
Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., POWELL and GARDNER, JJ.

*Per Curiam*: In 2015, Bryan Richard Harris had a warrant out for his arrest for failure to appear. Harris was arrested by law enforcement officers from the Atchison, Kansas, Police Department. During his arrest, Harris asserted that he was not Bryan Harris. He also physically resisted arrest. Harris was charged with two counts of interference with a law enforcement officer under K.S.A. 2015 Supp. 21-5904–one count of interference with law enforcement under K.S.A. 2015 Supp. 21-5904(a)(1)(C) and one count under K.S.A. 2015 Supp. 21-5904(a)(3). Harris was found guilty of both counts at a bench trial. Harris now appeals, arguing that insufficient evidence existed to support his

1

convictions. For reasons stated below, we reject these arguments. Accordingly, we affirm.

In the late afternoon of November 7, 2015, Atchison Police Department Sergeant Kory Webb and Officer Kyle Mason responded to an anonymous tip that Harris, who had a warrant out for his arrest, was located in the backyard of an Atchison residence. After confirming that Harris had an arrest warrant for failure to appear, Sergeant Webb and Officer Mason went to the residence. Sergeant Webb went to the backyard while Officer Mason knocked on the front door of the house.

While Sergeant Webb was in the backyard, he saw Harris open the backdoor. Sergeant Webb told Harris to "stop." When Harris saw Sergeant Webb, he ran back into the house. Sergeant Webb recognized Harris because he was familiar with him from past dealings. Sergeant Webb followed Harris into the house and then into the basement. Sergeant Webb told Harris that he was under arrest. Harris circled the stairwell in the basement, avoiding Sergeant Webb. Sergeant Webb finally drew his taser and ordered Harris to get on the ground. Harris complied. Sergeant Webb told Harris that there was a warrant out for his arrest. When Sergeant Webb then attempted to put handcuffs on Harris, Harris resisted by pulling away. Sergeant Webb was unable to put handcuffs on Harris until Officer Mason came to the basement to assist him. When Officer Mason saw that Harris was physically resisting, he assisted Sergeant Webb in securing Harris.

While Sergeant Webb was attempting to handcuff Harris, Harris stated that he was "not . . . Bryan Harris." Harris did not give any fictitious name or assert that he was anyone else, he only denied being Bryan Harris. Sergeant Webb and Officer Mason were able to confirm Harris' identity when they found a driver's license in his pocket.

Once Harris was handcuffed, he continued to resist. Despite being asked to stand up multiple times, Harris refused. The law enforcement officers had to pick Harris up off

2

of the ground. Sergeant Webb and Officer Mason had to carry Harris out of the house because he did not want to be arrested. Then, Harris had to be physically lifted and placed into the police car to take him to jail. Officer Mason noted that Harris was not kicking or swinging at the officers, but he was aggressively moving in a way that made it clear that he did not want to be arrested. When the officers arrived at the jail, Harris had to be forcibly removed from the patrol car.

On November 9, 2015, Harris was charged with two counts of interference with a law enforcement officer under K.S.A. 2015 Supp. 21-5904. Both counts were charged as class A nonperson misdemeanors.

On December 9, 2015, the district court received a collection of handwritten material from Harris. In an "Affidavit of Truth," Harris asserted that he was "dwelling above and beyond the STATES [*sic*] territorial jurisdiction and upon terra firma within the Temple of the Living God." Harris went on to claim that he was a "Private Diplomat appointed to act as a Gratuitous Agent" and "the Flesh and Blood Living Divine Being." The district court ordered Harris to undergo a mental and competency assessment to determine whether he suffered from mental illness or defect that prevented him from understanding the nature of the charges against him. There is no finding as to Harris' competency in the record on appeal.

On February 3, 2016, a bench trial was held. Harris represented himself pro se. Harris was found guilty on both counts of interference with a law enforcement officer. Harris objected to the findings of guilt, asserting that he was under the impression that he was at a preliminary hearing on the matter. The district court judge told Harris that misdemeanors did not require a preliminary hearing. On March 28, 2016, Harris was sentenced to 1 year of imprisonment. Harris filed a timely notice of appeal.

*Did Sufficient Evidence Exist to Support Harris' Convictions for Interference with*
*Law Enforcement?*

Harris was convicted of one count of interference with law enforcement under K.S.A. 2015 Supp. 21-5904(a)(1)(C) and one count of interference with law enforcement under K.S.A. 2015 Supp. 21-5904(a)(3). On appeal, Harris challenges his convictions by arguing that they were not supported by sufficient evidence.

When an appellant in a criminal case challenges the sufficiency of the evidence supporting his or her conviction, the appellate court reviews the evidence in the light most favorable to the State. The court will uphold a conviction when it finds that based on the evidence presented at trial, a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). In determining whether sufficient evidence existed to support a conviction, the appellate court should not reweigh evidence or reassess the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016). A guilty verdict will only be reversed in the rare case that the testimony presented is so incredible that no reasonable factfinder relying on it could have found the defendant guilty beyond a reasonable doubt. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983). To the extent that we are required to interpret Harris' statute of conviction, we exercise unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Harris challenges his convictions based on sufficiency of the evidence. He was convicted under K.S.A. 2015 Supp. 21-5904(a)(1)(C) and K.S.A. 2015 Supp. 21-5904(a)(3). Under K.S.A. 2015 Supp. 21-5904(a)(1)(C), interference with law enforcement is "[f]alsely reporting to a law enforcement officer, law enforcement agency or state investigative agency . . . any information, knowing that such information is false and intending to influence, impede or obstruct such officer's or agency's duty." Under K.S.A. 2015 Supp. 21-5904(a)(3), interference with law enforcement is "knowingly

4

obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty."

We are guided in this inquiry by the recent decision in *State v. Miller*, No. 113,595, 2016 WL 1079467 (Kan. App. 2016) (unpublished opinion). This court discussed the differences between reporting false information to the police under K.S.A. 2014 Supp. 21-5904(a)(1)(C) and obstructing, resisting, or opposing the police under K.S.A. 2014 Supp. 21-5904(a)(3). Notably, those same two subsections are at issue in our current appeal.

In *Miller*, the court held "that the plain language of K.S.A. 2014 Supp. 21-5904(a)(1)(C) does not include a substantial hindrance requirement." 2016 WL 1079467, at *5. The court explained its holding:

"It is important to recognize that the state of mind required to violate K.S.A. 2014 Supp. 21-5904(a)(1)(C) is significantly different than the state of mind required to violate K.S.A. 2014 Supp. 21-5904(a)(3) or the former K.S.A. 21-3808(a). On the one hand, it is a violation of K.S.A. 2014 Supp. 21-5904(a)(1)(C) to knowingly report false information 'intending to influence, impede or obstruct' the duties [of] a law enforcement officer. So, there is no requirement that an actual obstruction be proven—simply the intent to obstruct. On the other hand, one can be convicted for violating K.S.A. 2014 Supp. 21–5904(a)(3) only if he or she knowingly obstructed, resisted, or opposed a person authorized to serve legal process. Hence, an actual obstruction, resistance, or opposition must be proven. Moreover, we note that unlike 'Interference with law Enforcement—False Reporting,' the pattern instruction for 'Interference with Law Enforcement—Obstructing Legal Process' includes 'substantial hindrance or increased burden' as one of the required elements." 2016 WL 1079467, at *5.

In arguing that his convictions were not supported by sufficient evidence, Harris challenges each conviction separately. Accordingly, we will address Harris' convictions

in turn below.

*K.S.A. 2015 Supp. 21-5904(a)(1)(C)*

K.S.A. 2015 Supp. 21-5904(a)(1)(C) defines interference with law enforcement as "[f]alsely reporting to a law enforcement officer, law enforcement agency or state investigative agency . . . any information, knowing that such information is false and intending to influence, impede or obstruct such officer's or agency's duty." The basis for Harris' conviction was the fact that he told the arresting officers that he was "not the person of Bryan Harris." Harris argues that "[b]ecause Webb already knew who Harris was, indeed was actively serving a warrant on Harris, it cannot be said that Harris intended to influence, impede or obstruct Officer Webb."

The State, relying on *Miller*, argues that "[a]ll that is required to prove a violation of K.S.A. 21-5904(a)(1) is that the person gave false information and that they did so with the intent to obstruct or impede law enforcement. There is no requirement that the police relied upon the information or were otherwise hindered."

The State is correct that what Sergeant Webb did or did not know has no bearing on what Harris' *intent* was in telling the officers that he was "not . . . Bryan Harris." Thus, we cannot agree with Harris' assertion that because Sergeant Webb knew Harris' identity, Harris could not have *intended* to influence, impede, or obstruct his official duty. Moreover, because actual obstruction is not contained in K.S.A. 2015 Supp. 21-5904(a)(1)(C), Harris' argument is fatally flawed based on the plain wording of the statute. Thus, sufficient evidence existed to support his conviction under K.S.A. 2015 Supp. 21-5904(a)(1)(C).

Harris also argues that his speech was protected under the First Amendment to the United States Constitution. A brief discussion will show that his speech was not

6

protected. Harris bases his argument on two cases, *City of Houston v. Hill*, 482 U.S. 451, 107 S. Ct. 2502, 96 L. Ed. 2d 398 (1987), and *City of Topeka v. Grabauskas*, 33 Kan. App. 2d 210, 99 P.3d 1125 (2004).

In *Hill*, the United States Supreme Court acknowledged that "the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." 482 U.S. at 461. The Court held that "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." 482 U.S. at 462-63.

In *Grabauskas*, the defendant was convicted of interference with a law enforcement officer. The conviction resulted from an encounter with police in which the officers asked the defendant for her name. Instead of providing her name, the defendant asked the officers why they needed to know her name. The officers told the defendant that they needed to know for an investigation. The defendant replied, "'We don't have to tell you shit. Stop harassing us. . . . We don't—We don't have to tell you shit. Leave us fucking alone.'" 33 Kan. App. 2d at 212. The defendant was arrested and convicted of interference with a law enforcement officer. On appeal, this court held that the defendant was expressing her disapproval with the police when she asked them why they wanted to know her name. Accordingly, the court held that the defendant's speech was protected under the First Amendment. 33 Kan. App. 2d at 223.

Harris asserts that his speech was akin to the defendant's speech in *Grabauskas*. But Harris' comparison is not persuasive. In *Grabauskas*, the defendant questioned the officers' authority to request her name. Here, Harris was affirmatively asserting that he was not the individual named in the officers' arrest warrant. There is a marked difference between questioning the police and affirmatively asserting information known to be false. Moreover, it cannot be said that Harris' declarations that he was "not . . . Bryan Harris"

7

were meant to be criticisms of the police as protected by *Hill*. Accordingly, Harris' speech was not protected by the First Amendment to the United States Constitution.

*K.S.A. 2015 Supp. 21-5904(a)(3)*

Next, we consider whether Harris' conviction for interference with law enforcement under K.S.A. 2015 Supp. 21-5904(a)(3) was supported by sufficient evidence. Harris argues that because the State did not present evidence that Harris attempted to strike or kick the officers, the evidence was not sufficient to support his conviction. He asserts that the officers "were able to make the arrest in a relatively easy manner although, to be sure, Harris was continually attempting to question the officer's authority to make that arrest."

Again, K.S.A. 2015 Supp. 21-5904(a)(3) defines interference with law enforcement as  "knowingly obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty."

We begin our discussion by recalling that whether an individual has interfered with law enforcement depends on the particular facts of the case. See *State v. Parker*, 236 Kan. 353, 364, 690 P.2d 1353 (1984). Despite Harris' assertion that the State's evidence was too meager to support his conviction, a review of the evidence presented leads us to conclude otherwise.

In *State v. Brown*, 305 Kan. 674, 387 P.3d 835 (2017), our Supreme Court considered whether sufficient evidence existed to support a conviction under K.S.A. 2015 Supp. 21-5904(a)(3). In *Brown* the police got information that the defendant was hiding in a basement. Three officers went to the top of the basement stairs, announced their presence, and ordered the defendant to come out. The court found that when he hid from

8

officers after they identified themselves and ordered him to come out, the defendant created a safety issue for the officers and himself. 305 Kan. at 691. Accordingly, the court found that sufficient evidence existed to support the conviction. 305 Kan. at 691-92.

Here, when Harris saw Sergeant Webb in the backyard, he fled back into the house. Sergeant Webb pursued Harris into the house's basement. In the basement, Harris continued to avoid Sergeant Webb by running around the staircase. Harris only complied with Sergeant Webb's commands to get on the ground after Sergeant Webb drew his taser. Even then, Harris continued to struggle with Sergeant Webb, pulling his hands away and moving around. Sergeant Webb could not put handcuffs on Harris until Officer Mason arrived to help. Once Harris was in handcuffs, he refused to stand up. Sergeant Webb and Officer Mason had to carry Harris out of the house and physically lift him into the patrol car. When they arrived at the jail, Harris had to be pulled out of the backseat of the patrol car.

Because our Supreme Court has held that the act of hiding can be sufficient to uphold a conviction under K.S.A. 2015 Supp. 21-5904(a)(3), we must hold that Harris' actions here were also sufficient. Thus, we hold that sufficient evidence existed such that a reasonable factfinder could have found Harris guilty beyond a reasonable doubt of interference with law enforcement for obstructing, resisting, or opposing law enforcement under K.S.A. 2015 Supp. 21-5904(a)(3).

Affirmed.