NOT DESIGNATED FOR PUBLICATION

No. 118,505

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAB ABDI ISSA,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed September 14, 2018. Affirmed.

*Joshua K. Allen*, of Prairie Village, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., BRUNS and GARDNER, JJ.


PER CURIAM: Kab Abdi Issa appeals the district court's decision to revoke his probation and impose his underlying prison sentence. Issa argues: (1) There was insufficient evidence to establish that he violated his probation and (2) the district court abused its discretion by revoking his probation and imposing the underlying prison sentence. Finding no error, we affirm the decision of the district court.

1

On August 23, 2016, Issa pled guilty to one count each of distribution of marijuana and driving while under the influence (DUI) of alcohol. In exchange, the State agreed to dismiss a possession of drug paraphernalia charge and to join Issa's sentencing request for a dispositional departure to probation. The district court sentenced Issa to a controlling prison term of 49 months but granted the parties' joint request for a dispositional departure sentence and imposed a 36-month term of probation. The court ordered Issa to comply with several conditions of probation, including:  obey all state and federal laws; pay all court costs as directed; and refrain from possessing, consuming, or using alcohol or drugs.

On April 27, 2017, the State moved to revoke Issa's probation. The State alleged that Issa had violated the conditions of his probation based on the following facts:

- On April 15, 2017, Olathe police arrested Issa for an outstanding warrant. During Issa's arrest, police discovered marijuana and drug paraphernalia inside the vehicle in which Issa was a passenger. Law enforcement cited Issa for possession of marijuana and possession of drug paraphernalia.

- Issa failed to pay court costs as directed.

At a probation violation hearing, the State presented testimony from Olathe Police Officer Frank Galbrecht, who testified that he was on patrol in the early morning hours of April 15, 2017. Galbrecht stated that another officer asked him to check on a warrant associated with a Chrysler Sebring, a car the other officer saw in a Taco Bell drive-thru. When Galbrecht arrived at the Taco Bell, he ran a search for the Sebring's license tag, which came back listing a warrant for Issa. Galbrecht compared Issa's driver's license photograph to the occupants of the Sebring and identified Issa riding in the passenger

seat. When the Sebring exited the drive-thru, Galbrecht stopped the car and made contact with the driver and Issa. After confirming the existence of the warrant, Galbrecht arrested Issa. Officer Kyle Clausius arrived at the scene and conducted a canine sniff on the Sebring. After the canine alerted to the presence of drugs, Clausius searched the car. On the front passenger floorboard, Clausius discovered a Taco Bell bag with a mason jar inside. The jar contained a substance that later tested positive for marijuana. Clausius also found two digital scales in the center console.

Dave Thomas, Issa's court services officer, also testified. Thomas said that Issa had violated the terms of his probation by possessing marijuana and failing to pay court costs. Thomas testified that Issa's possession of marijuana charge was still pending.

Based on the evidence presented, the district court found that Issa had violated the terms of his probation and, as a result, revoked Issa's probation. The State asked the court to impose Issa's prison sentence, noting that Issa had violated several conditions of his bond and that, like the charge for which he was serving a term of probation, he again had been charged with crimes involving marijuana. Conversely, Issa requested the court consider reinstatement to probation or another nonprison alternative. The district court rejected Issa's request and imposed the underlying 49-month prison sentence. In doing so, the judge stated,

> "I am looking back further through the case history here. The defendant, Mr. Issa, was presumed to go to prison on this case, that was clear from the presentence investigation and the plea agreement, on a Level 3 drug felony he's presumed to go to prison for 46 to 51 months. Despite that, I did grant probation. There were numerous problems on bond as noted by the prosecutor. He picked up a DUI and then several positive[] [urinalysis tests], even when he came for sentencing. He received a very favorable plea agreement getting the low box and the sentences being concurrent to one another. I granted probation. I had to find substantial and compelling reasons to do that. One of those reasons was his age and that he had not been in trouble before, but the

charges were, of course, quite serious and the underlying facts he had a jar of marijuana and digital scale much like in the new case, the law violation in Olathe. The most serious violations of probation in my mind is the new law violation, and as [the prosecutor] has pointed out, this is much the same as the same type of drug, the same type of situation.

"There are—I mean, that's not a small amount of marijuana. It is not a small roach or something. It was quite a bit of marijuana where it was recovered, where he was seated, and scales in the car. He's been given a number of opportunities here while on bond and then again substantial and compelling reasons to depart from the presumed sentence.

"Based on all of that, I cannot grant the motion to reinstate. Mr. Issa will be ordered to serve his time. . . . I do find there was a new law violation with the evidence presented today and he's ordered to serve his time."

ANALYSIS

Issa raises two arguments on appeal. First, Issa claims the State did not establish by a preponderance of the evidence that he violated the terms of his probation. Second, Issa claims the district court erred by ordering him to serve a prison sentence without first imposing an intermediate sanction.

On a motion to revoke probation, the State must establish that the probationer committed a probation violation by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). "A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true." *State v. Lloyd*, 52 Kan. App. 2d 780, Syl. ¶ 2, 375 P.3d 1013 (2016). This court reviews a challenge to the sufficiency of the evidence by looking at the evidence in a light most favorable to the State. *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016); see also *State v. Hagan*, No. 106,338, 2012 WL 5392105, at *3 (Kan. App. 2012) (unpublished opinion) (applying this standard to probation revocation). In making this determination, this court does not reweigh the evidence or assess witness credibility. See *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016).

4

In support of his claim that there was insufficient evidence to support the district court's finding that he violated the terms of his probation, Issa argues the State failed to establish that he had been *convicted* of possessing marijuana or any other new crime. Issa claims the evidence presented merely showed that "he was a passenger in a vehicle where drugs were hidden without his knowledge."

But the State was not required to show that Issa had been *convicted* of a new crime, only that he *committed* the crime. See K.S.A. 2017 Supp. 22-3716(c)(8)(A) (court may revoke probation "[i]f the offender commits a new felony or misdemeanor while the offender is on probation"); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007) ("[A]n eventual criminal conviction for the act which violated the condition of probation is not required to support an order revoking probation.").

The State presented sufficient evidence to prove that Issa committed a new crime by possessing marijuana. Officer Galbrecht testified that the Sebring's license tag came back showing a warrant had been issued for Issa, who was in the passenger seat of the Sebring. Law enforcement discovered a mason jar of marijuana on the passenger floorboard in the area where Issa was sitting. This evidence demonstrates it is more probably true than not true that Issa committed the crime of possessing marijuana. See *Gumfory*, 281 Kan. at 1170; *Lloyd*, 52 Kan. App. 2d 780, Syl. ¶ 2.

Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Issa bears the burden to show an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2017 Supp. 22-3716(c) limits the court's discretion in deciding how to sanction a probation violator. The statute provides that a sentencing court generally should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence. But the court need not impose any intermediate sanction "[i]f the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Because the State established by a preponderance of the evidence that Issa committed a new crime, the district court was not required to impose an intermediate sanction before ordering Issa to serve his underlying prison sentence. Nevertheless, Issa argues that the court abused its discretion in bypassing intermediate sanctions and sending him to prison for his first probation violation given his age, lack of criminal history, and evidence demonstrating that he was merely a passenger in a car where marijuana was found.

A sentencing judge grants probation as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). One of Issa's crimes of conviction for which he was serving probation was for distributing marijuana, a presumptive prison crime. A review of the record reveals that Issa had difficulty complying with the terms of his bond. Issa later violated the terms of his probation by committing a crime involving a large amount marijuana that involved factual similarities to his crime of conviction. Under these circumstances, a reasonable person could conclude that Issa was not entitled to a second chance at probation. The district court was well within its discretion to revoke Issa's probation and impose his underlying prison sentence.

Affirmed.

6