NOT DESIGNATED FOR PUBLICATION

No. 118,267

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER J. OAKS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed November 2, 2018. Reversed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Rachel L. Pickering*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before MCANANY, P.J., PIERRON and LEBEN, JJ.


PER CURIAM: Christopher J. Oaks appeals from the district court's decision revoking his probation and requiring him to serve his underlying sentence. Oaks claims the State failed to present substantial evidence that he violated his probation by committing new crimes. We agree and reverse.

Oaks was granted 36 months' probation in July 2016, after pleading guilty to possession of marijuana with intent to distribute. The court imposed an underlying prison sentence of 78 months. As a condition of probation, Oaks was required obey all laws.

1

Under an Interstate Compact agreement with the State of Oklahoma, Oaks moved to Oklahoma to serve his probation term.

In February 2017, the State moved to revoke Oaks' probation, claiming he violated his probation by failing to remain law-abiding. According to an affidavit filed by Intensive Supervision Officer Brady Tien, Oaks was arrested in Oklahoma City on July 30, 2016, and charged with possession of marijuana and obstructing an officer in the performance of his official duty in one case and with possession of marijuana with intent to distribute and possession of proceeds derived from a violation of the uniform controlled dangerous substance act in another case. Other Oklahoma charges cited by Tien were dismissed before the hearing on the State's probation revocation motion.

At the probation revocation hearing that followed, Tien testified that he sought to revoke Oaks' probation after learning from the State of Oklahoma that Oaks had been arrested and charged as outlined above. Tien had been provided with police reports regarding these charges, but the reports were not offered into evidence at the hearing. Based on these pending charges in Oklahoma, Tien recommended that Oaks' probation be revoked.

Oakes testified on his own behalf. When the State questioned him about the events preceding his arrest on these charges in Oklahoma, Oakes refused to answer and invoked his Fifth Amendment privilege against self-incrimination.

The district court found that Oaks had violated the terms of his probation by failing to obey the laws in the jurisdiction in which he resided. The court stated, "[S]imply pulling new charges is a substantial violation, regardless of whether there is a conviction." The court revoked Oaks' probation for these new crimes and for "public safety/offender welfare" and ordered him to serve his underlying prison sentence. Oaks appealed.

On appeal, Oaks argues that there was insufficient evidence that he violated his probation to support the district court's revocation of his probation.

Under K.S.A. 2017 Supp. 22-3716(a), the district court may revoke a defendant's probation "for violation of any of the conditions of release or assignment." To support a motion to revoke probation, the State must establish that the probationer committed a probation violation by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). "'A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true.' [Citation omitted.]" *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016).

In considering this claim we examine the record for substantial competent evidence supporting the district court's finding that Oaks violated the terms of his probation. See *State v. Miller*, 293 Kan. 535, 547, 264 P.3d 461 (2011). In doing so, we view the evidence in the light favoring the State, the prevailing party. *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). But we do not reweigh the evidence or reassess witness credibility. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016). We review de novo the district court's legal conclusion. *Miller*, 293 Kan. at 547.

The State did not have to prove that Oaks was *convicted* of these new crimes while on probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). What we are looking for is substantial competent evidence that establishes that it is more probable than not that Oaks committed these charged crimes in Oklahoma while on probation. This preponderance standard is a higher standard than the probable-cause standard for an arrest but a lower standard than the beyond-a-reasonable-doubt standard to support a conviction. Thus, the mere fact that an officer in Oklahoma had probable cause to arrest Oaks for these crimes is insufficient to satisfy the preponderance standard. Likewise, if the State had presented evidence (which it did not) that Oaks had been bound over for trial following a preliminary hearing on

3

these new charges or following a grand jury indictment, the finding of probable cause at this stage also would be insufficient to establish by the preponderance standard that Oaks committed these crimes while on probation. See *Lloyd*, 52 Kan. App. 2d at 783-84. Here, the State presented no evidence whatsoever to support its claim that Oaks committed new crimes other than the evidence that charges had been filed against him. Moreover, we have no indication that the Oklahoma charges were based upon criminal conduct during the period of Oaks' Kansas probation.

The State makes the rather startling assertion that we should consider Oaks' invocation of his right under the Fifth Amendment to remain silent as evidence that he has conceded that it is more probably true than not that he committed these newly charged crimes. We reject this argument and do not infer from Oaks' silence that he committed these crimes. The State had the burden of establishing the claimed probation violation. 52 Kan. App. 2d at 782. While a defendant is entitled to present evidence to refute the State's claims, the defendant is not obligated to do so. K.S.A. 2017 Supp. 22-3716(b)(2); see *State v. Hurley*, 303 Kan. 575, 583, 363 P.3d 1095 (2016). The defendant does not have the burden to disprove the State's claimed probation violation. See *State v. Cooperwood*, 282 Kan. 572, 581, 147 P.3d 125 (2006) (defendant never has to prove himself not guilty).

We find no evidence to support the district court's order revoking Oaks' probation. The revocation of Oaks' probation is reversed, and Oaks' probation is reinstated.

Reversed.

4