NOT DESIGNATED FOR PUBLICATION

No. 125,978

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VICTOR M. LUNA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Submitted without oral argument. Opinion filed March 29, 2024. Affirmed.

*Sean Randall*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GREEN, P.J., HILL and CLINE, JJ.

PER CURIAM: Victor M. Luna appeals the revocation of his probation and his sentence, arguing that the district court miscalculated his criminal history score. He asserts that the district court erred by classifying his previous Texas conviction for burglary as a person felony. Because the district court properly classified his previous conviction, we affirm his probation revocation and modified sentence.

1

Luna pleaded guilty to burglary, in violation of K.S.A. 2021 Supp. 21-5807(a)(2), criminal damage to property, in violation of K.S.A. 2021 Supp. 21-5813(a)(1), and criminal threat, in violation of K.S.A. 2021 Supp. 21-5415(a)(1).

The presentence investigation (PSI) report reflected a criminal history score of C, based in part on a Texas conviction for burglary of a habitation which was classified as a person felony. Luna did not object to his criminal history score at sentencing.

The district court imposed 15 months of probation, with an underlying prison sentence of 29 months. After later finding that Luna had violated his probation, the district court revoked his probation and ordered him to serve a reduced prison sentence of 20 months.

Luna timely appeals.

ANALYSIS

*Did the district court err when it calculated Luna's previous Texas burglary conviction as a person felony?*

Luna challenges the scoring of his previous Texas burglary conviction as a person felony. He argues that the definition of "entering" a habitation is not the same in Texas as in Kansas. The State argues that his Texas conviction required a showing that Luna entered a habitation, making it a person felony.

Defendants who stipulate to their criminal history at sentencing cannot later challenge the existence of convictions listed in that criminal history, but defendants may later claim that their sentence was illegal because the person or nonperson classification

2

of a previous conviction was incorrect. *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015).

"[C]ertain issues, such as subject matter jurisdiction or an illegal sentence, can be raised at any time regardless of whether the issue was presented to the district court." *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

When designating a pre-KSGA conviction as a person or nonperson crime in the criminal history, the court must consider how the crime would have been classified based on the classification in effect for the comparable Kansas offense when the current crime of conviction was committed. *State v. Terrell*, 315 Kan. 68, 71, 504 P.3d 405 (2022) (citing *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 [2015]).

The central issue of this case is whether entering means the same thing in Texas as it does in Kansas. The PSI report on Luna references "burglary of a habitation" from El Paso, Texas, in 2015. The PSI report specifies his conviction was under Tex. Penal Code § 30.02 (2015), which states the following:

> "(a) A person commits an offense if, without the effective consent of the owner, the person:
> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
> (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
> (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

"(b) For purposes of this section, 'enter' means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

"(c) Except as provided in Subsection . . . (d), an offense under this section is a:

(1) state jail felony if committed in a building other than a habitation; or

(2) felony of the second degree if committed in a habitation."

The PSI report specifies that Luna was convicted under subsection (c)(2). This subsection clarifies that Luna committed burglary of a habitation. It *does not* answer the question of whether Luna entered the habitation, as in subsections (a)(1) and (a)(3), or remained concealed in a habitation, as in subsection (a)(2).

K.S.A. 2021 Supp. 21-6811(e)(3)(B)(i) and (h) provide the following:

"(3) The state of Kansas shall classify the crime as person or nonperson.

. . . .

(B) In designating a felony crime as person or nonperson, the felony crime shall be classified as follows:

(i) An out-of-state conviction or adjudication for the commission of a felony offense, or an attempt, conspiracy or criminal solicitation to commit a felony offense, shall be classified as a person felony if one or more of the following circumstances is present as defined by the convicting jurisdiction in the elements of the out-of-state offense:

. . . .

(h) entering or remaining within any residence, dwelling or habitation."

Luna argues a mismatch between K.S.A. 2021 Supp. 21-6811(e)(3)(B)(i) and (h) classifying an offense as a person felony if an element is "entering or remaining within any residence, dwelling or habitation" and the Texas statute criminalizing the act of entering a habitation with intent to commit felony, theft, or assault. To support his argument, he points to the definition of "enter" in the Tex. Penal Code § 30.02(b)(1)-(2),

describing that a defendant enters by intruding "any part of the body" or even "any physical object connected with the body." Thus, Luna argues that a person can be found to have entered a habitation under Texas law but not necessarily under Kansas law:

> "Hypothetically, a person could commit the offense of burglary in Texas by sticking a long pole or stick through an open window to effectuate the theft of keys or some other property, without him or any part of his body crossing the plane of the building's exterior. However, the Kansas caselaw cited above does not allow for a burglary conviction under such circumstances because the defendant (*i.e.* the person) did not cross the plane of the exterior wall."

Luna's argument fails for two reasons. First, his citations from Kansas law fail to support his point. The definition from the Texas statute is clear, but as Luna acknowledges, Kansas has never defined the word enter. Luna contends that our Supreme Court requires a defendant's entire body to enter a building to sustain a conviction for burglary. But his citation does not stand for this proposition. In *State v. Daws*, 303 Kan. 785, 368 P.3d 1074 (2016), the State charged Michael C. Daws with aggravated burglary after a homeowner returned to discover the front door kicked in and Daws inside. The jury was instructed that—to convict—it had to find Daws "'knowingly entered . . . a residence . . . without authority . . . with the intent to commit theft . . . at the time there was a human being in the dwelling.'" 303 Kan. at 786. The *Daws* court held that the State should have charged Daws with aggravated burglary for "'remaining within'" the dwelling and, since the State did not, Daws' conviction was reversed. 303 Kan. at 794.

Thus, the *Daws* court focused on making a distinction between entering and remaining. *Daws* did not involve the question of whether a conviction would stand if a defendant intruded into a habitation with only part of the body or a physical object connected with the body. Luna quotes the *Daws* court as saying the following: "The entering into element is satisfied when the evidence shows a defendant crossed the plane of a building's exterior wall." 303 Kan. at 789. Luna emphasizes the term "a defendant"

with bold, italicized font and stresses that the *Daws* court must have meant the entire defendant. But the holding of *Daws* does not at all set out a clear legal contention that Daws would have escaped conviction if he had only smashed a window and stuck an arm through the broken window and grabbed a purse or wallet, or even the hypothetical long pole or stick that Luna proposes. Such facts simply were not at issue in *Daws*, and the *Daws* court did not discuss the possibility of conviction for less-than a total entry of a person's body or frame into a habitation.

Luna also cites this court as saying that the entire burglar's body must cross the plane of the building's exterior wall to sustain a burglary conviction. See *State v. Montgomery*, No. 108,164, 2014 WL 349558, at *5-6 (Kan. App. 2014) (unpublished opinion). Luna's citation to *Montgomery* suffers from three flaws. First, *Montgomery* is an unpublished opinion. Second, *Montgomery* is factually like *Daws* in that both courts distinguished between entering a dwelling and remaining in a dwelling. In *Montgomery*, a partial entry of the dwelling with a limb or an object was not at issue. And third, *Daws* expressly overruled prior caselaw, including *Montgomery*. *Daws*, 303 Kan at 794.

Thus, Luna's hypothetical is only partially correct. Sticking a long pole through a window to lift a set of keys seems like the kind of tactic employed by archery-proficient cartoon foxes. See, e.g., ROBIN HOOD (Walt Disney Productions 1973). Nevertheless, Luna correctly argues that this tactic could possibly result in a conviction for burglary in Texas. But Luna contends—without sufficient support—that the same tactic could *not* result in a burglary conviction in Kansas. This part of his hypothetical theory, however, is fatally flawed because the truth or falsity of his hypothetical would not necessarily follow from the facts cited.

The second reason Luna's argument fails is because it is contrary to the plain language of the statute. For example, an out-of-state conviction "shall be classified as a person felony if one or more of the following circumstances is present *as defined by the*

*convicting jurisdiction*." (Emphasis added.) K.S.A. 2021 Supp. 21-6811(e)(3)(B)(i). Here, Luna entered a habitation under Texas' definition of entering. Luna does not show that the Texas and Kansas definitions of entering are incompatible, but even if they were incompatible, K.S.A. 2021 Supp. 21-6811(e)(3)(B)(i) expressly states that it is Texas' definition which controls.

In summary, Luna's argument that his felony should have been classified as a nonperson felony fails: (1) because his argument that the Kansas definition of entering is not congruous with the Texas definition of entering lacks support from the facts cited in the record and (2) because the Texas definition controls under the plain language of K.S.A. 2021 Supp. 21-6811(e)(3)(B)(i).

Because the district court did not err in classifying Luna's previous conviction, we affirm his probation revocation and modified sentence.

Affirmed.